Van Voorhis, J. (dissenting).
Section 18 of the Decedent Estate Law authorizes a surviving spouse" under specified circumstances to take his or her intestate share against the will of a decedent. But such an election is required by this section to be made within six months after the issuance of letters testamentary. The statutory language says nothing about a right to withdraw an election that has been made, and it seems to me that the Legislature intended that it cannot be withdrawn after the lapse of six months. If the position taken by the surviving spouse may thus be changed at any time, the administration of estates is liable to be seriously disrupted. Executors can be placed in a quandary concerning how to act regarding important items in the administration of estates, including the payment of estate, gift or income taxes. Such taxes have to be paid within time limitations established by Federal and State statutes. Tax returns and payments may have to be radically revised if the surviving spouse alters at some late date a decision previously made to file an election, which may occur after Statutes of Limitation have run against applications for refunds of taxes that have been paid on the basis of the election to take the intestate share. In this instance, the widow had the right to donate to others portions of her intestate share received in consequence of her election under section 18, and she could make these gifts to the persons who would have taken under the will if she had not made her election, but the legal effect of a gift out of her intestate share is widely different from a renunciation or withdrawal of her election, which had previously taken effect and presumably had been acted upon. I think that the right to withdraw such an election after the lapse of six months cannot be made to depend on an inquiry concerning whether some interested person has been prejudiced by such a change in position of the surviving spouse. This view renders academic whether the widow here was actuated by unreasonable pressure or duress in her attempt to withdraw her notice of election to take her intestate share. She lacked *347 power to withdraw it if it was validly exercised in the first instance.
The portion of the order appealed from should be reversed which dismisses the objections of appellant Irving Trust Company as executor of Helen H. Allan, and said objections should be sustained.
Chief Judge Conway and Judges Fuld and Burke concur with Judge Froessel; Judge Desmond dissents in part in an opinion in which Judge Dye concurs; Judge Van Voobhis dissents in a separate opinion.
Order affirmed, etc.